IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Case No: 5:08-hc-02160-BO

| | |
|---|---|
| GERALD WAYNE TIMMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **SUPPLEMENTAL MEMORANDUM IN** |
| ) | **SUPPORT OF AMENDED PETITION** |
| TRACY JOHNS, Warden, FCI Butner, ) | **FOR WRIT OF *HABEAS CORPUS* AND** |
| ) | **MOTION FOR INJUNCTIVE RELIEF** |
| Respondent. ) | |

NOW COMES Petitioner, Gerald Wayne Timms (hereinafter "Mr. Timms," "Gerald Timms," or "Petitioner"), by his undersigned counsel, and represents to the Court that Mr. Timms was placed in solitary confinement on March 11, 2010, a mere six days following the Court's hearing on Mr. Timms' Amended Petition for the Writ of *Habeas Corpus*. At that hearing, the Court inquired as to whether Mr. Timms, like any other inmate housed at FCI-Butner, was subject to solitary confinement for alleged disciplinary infractions while incarcerated. In response, counsel for Mr. Timms responded affirmatively.

The discussion at the hearing has been echoed by events that followed. Just days after the hearing, Mr. Timms was placed in solitary confinement. Consequently, counsel for Mr. Timms respectfully submits this Supplemental Memorandum to inform the Court of this development and to seek Mr. Timms' removal from solitary confinement. Furthermore, Mr. Timms reiterates his petition for his immediate release from custody.

I. Regardless Of Respondent's Chosen Label, Mr. Timms Is A Federal Prisoner Confined Pursuant To An Indefinite Sentence And His Constitutional Rights Are Being Continuously Violated.

Mr. Timms is and remains in solitary confinement, segregated from other Section 4248 detainees; his status subjects him to a host of indignities unique to the experience of solitary detainees, including the requirement that Mr. Timms remain shackled during any transit within the FCI-Butner campus and the requirement that Mr. Timms be periodically subjected to body-cavity searches. For a significant period of time following his confinement, Mr. Timms was without his prescribed medication for hypertension; only recently has that medication been delivered to Mr. Timms. Mr. Timms presently spends 23 hours a day in a cell designed specifically for solitary confinement. His 1 hour spent outside that cell is spent in a 15 foot X 15 foot X 10 foot chain-link enclosure, which is deemed "recreational."

Respondent's latest treatment of Mr. Timms reiterates the *ad hoc* processes by which Mr. Timms has been held for nearly 17 months following the completion of his sentence of confinement. While Mr. Timms was brought before what is known as the "Unit Disciplinary Committee" in the hours following his subjection to solitary confinement, the regulatory propriety of that Committee's discipline of Mr. Timms is challenged by Mr. Timms, and he has not yet appeared before what is known as the "Disciplinary Hearing Officer," who, according to Respondent's rules and regulations regarding the treatment of prisoners, will ultimately inform Mr. Timms as to the length of his stay in solitary confinement.[1] To Mr. Timms' knowledge, the scheduling of his subsequent appearance before a Disciplinary Hearing Officer is subject to the vagaries of the schedules of the two Disciplinary Hearing Officers assigned to manage cases arising within the entire federal penal installation at Butner, North Carolina. At present, Mr. Timms has remained in solitary confinement for 12 days.

---

[1] Mr. Timms believes that the Unit Disciplinary Committee lacks the power to impose the level of disciplinary infraction which it purported to impose on Mr. Timms.

These facts may inform the Court's analysis of the criminal versus civil distinction which is central to the Court's interpretation of *Kansas v. Hendricks*.[2] Without restating the arguments raised by Mr. Timms in his Amended Petition for the Writ of *Habeas Corpus* and his Reply Brief, Mr. Timms respectfully notes for the Court that his treatment at the hands of Respondent over the past 12 days is in no way distinguishable from that afforded criminal prisoners. Mr. Timms is a civil detainee in name only, and the fact that he has been, and continues to be, treated as a prisoner for the past nearly 17 months, beyond the reach of the protections afforded by the United States Constitution, is a grave injustice which can only be remedied by the grant of Mr. Timms' Amended Petition for the Writ of *Habeas Corpus*.[3]

II. Mr. Seeks An Order From This Court Ordering Respondent To Remove Him From Solitary Confinement.

As a result of the United States' representation before this Court that it views Section 4248 as inherently a civil statutory regime intended for the confinement and treatment of sexually dangerous persons, Mr. Timms moves for injunctive relief directing Respondent to remove Mr. Timms from solitary confinement. Because Mr. Timms is not a prisoner serving a criminal sentence and because Mr. Timms believes no conduct has occurred warranting the March 11 transfer of Mr. Timms to solitary confinement, Mr. Timms respectfully requests that the Court order Respondent to remove Mr. Timms from solitary confinement.

---

[2] The facts represented here are taken from an in-person interview of Mr. Timms by his counsel, which occurred at 7:30 AM on Friday, March 19, 2010 at FCI-Butner Medium I. These facts supplement the verified facts contained in Mr. Timms' original, *pro se* petition.

[3] Applying the analysis of *Kansas v. Hendricks*, the criminal versus civil distinction is a threshold question which must be resolved to determine whether an individual subject to a commitment statute's reach, here Section 4248, is entitled to the protections afforded defendants and prisoners under the United States Constitution, including, without limitation, both the substantive protections, e.g., the prohibitions against *ex post facto* laws, double jeopardy and cruel and unusual punishment, and the procedural protections, e.g., the right to counsel, the right to hear the charges against him, the right to confront his accusers, the right to present evidence in his own defense and the right to have his case heard by a judge of the United States. *See Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072 (1997).

III. Mr. Timms Seeks His Immediate Release From Custody.

Mr. Timms seeks the Court's granting of the writ of *habeas corpus*, commanding his immediate release from custody. Respondent's unilateral continued detention of Mr. Timms, pursuant to authority under Section 4248, but based on facts which have not yet been evaluated using even Section 4248's own fact-finding mechanisms, must not stand. Indeed, even if the Court were inclined to grant Mr. Timms' Amended Petition conditionally, such a conditional grant could simply order Mr. Timms' release unless and until Respondent affords Mr. Timms' the evidentiary hearing required by Section 4248. After all, the harm that the writ of *habeas corpus* exists to remedy is the confinement of the "body." Such a conditional grant would prevent Respondent from selectively applying the provisions of Section 4248 to confine Mr. Timms' body indefinitely without any opportunity for Mr. Timms to hear and challenge the evidence against him.

[Prayer for Relief Appears on Following Page]

## **CONCLUSION**

Petitioner Gerald Wayne Timms files this Supplemental Memorandum for purposes of informing the Court of his solitary confinement and seeking the following relief from the Court:

1. That the Court shall order Respondent to immediately remove Mr. Timms from solitary confinement.

2. That the Court shall grant Mr. Timms' Amended Petition for the Writ of *Habeas Corpus* and order his immediate release from custody.

3. In the alternative, that the Court shall grant Mr. Timms' Amended Petition conditionally and order his immediate release from custody unless and until Mr. Timms is afforded an evidentiary hearing at which to challenge the factual basis for his detention.

4. That the Court shall grant such other relief as it considers just and proper.

Respectfully submitted this the 23rd day of March, 2010.

/s/ Kearns Davis
Kearns Davis
N.C. State Bar No. 22014

/s/ Andrew T. Tripp
Andrew T. Tripp
N.C. State Bar No. 34254
BROOKS, PIERCE, McLENDON,
   HUMPHREY & LEONARD, L.L.P.
P.O. Box 1800
Raleigh, NC 27602
Telephone: (919) 839-0300
Fax:      (919) 839-0304
kdavis@brookspierce.com
atripp@brookspierce.com
*Attorneys for Petitioner*

# CERTIFICATE OF SERVICE AND FILING

The undersigned hereby certifies that the foregoing SUPPLEMENTAL MEMORANDUM IN SUPPORT OF AMENDED PETITION FOR WRIT OF *HABEAS CORPUS* AND MOTION FOR INJUNCTIVE RELIEF was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Michael Bredenburg
> Special Assistant U.S. Attorney
> Edward D. Gray
> Assistant United States Attorney
> U. S. Attorney's Office Civil Division
> 310 New Bern Avenue
> Suite 800, Federal Building
> Raleigh, NC 27601-1461
> michael.bredenburg@usdoj.gov
> edward.gray@usdoj.gov

This the 23rd day of March, 2010.

                                                         /s/ Andrew T. Tripp
                                                      Andrew T. Tripp